IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30845
Conference Calendar
_____


FRANKLIN D. FRAZIER, JR.,

                                        Plaintiff-Appellant,

versus

CHARMAGNE PADUA,

                                        Defendant-Appellee.


- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 95-CV-2272
- - - - - - - - - -
(October 18, 1995)
Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

     Proceeding pro se and in forma pauperis (IFP), Franklin D.
Frazier, Jr., filed a complaint alleging that Orleans Parish
Assistant District Attorney, Charmagne Padua, committed the crime
of filing false public records, in violation of La. Rev. Stat.
Ann. 14:133.  Frazier alleges that, in response to a habeas
petition he had filed pursuant to 28 U.S.C. § 2254, Padua's brief
to the district court misquoted a state statute governing

     [*]     Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

habitual offender law and that she thus filed a false public record.

A complaint brought IFP may be dismissed as frivolous pursuant to 28 U.S.C. § 1915(d) if it has no arguable basis in law or fact.  Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993).  Section 1915(d) dismissals are reviewed for abuse of discretion.  Moore v. Mabus, 976 F.2d 268, 270 (5th Cir. 1992).

Frazier's attempt to have Padua somehow charged for a violation of state law likely would have no merit even if the statute had been misquoted.  Here, there was no misstatement, as article 61 of Louisiana's Criminal Code states:

> Subject to the supervision of the attorney general, as provided in Article 62, the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute.

La. Code Crim. Proc. Ann. art. 61 (West 1991).  Accordingly, the district court did not abuse its discretion by dismissing Frazier's action as frivolous.

Although Frazier has not been warned about frivolous appeals, see Moody v. Baker, 857 F.2d 256, 258 (5th Cir.), cert. denied, 488 U.S. 985 (1988), the instant appeal is plainly frivolous.  Accordingly, we warn Frazier that sanctions will be imposed for any future frivolous appeals.

APPEAL DISMISSED.  5th Cir. R. 42.2.